**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LENORRIS E. HARDY, SR.,**

        **Plaintiff,**

**-vs-**          **Case No. 6:05-cv-1325-Orl-31DAB**

**DEPARTMENT OF REVENUE/CHILD SUPPORT ENFORCEMENT, KAREN KELLAMS, HELEN MOZIAND, BARBARA BYRD, UNKNOWN PERSON, HERNAN CASTRO, LORI PRETTYMAN, LORI HENNIGER, EIGHTEENTH JUDICIAL CIRCUIT COURT IN AND FOR BREVARD COUNTY, COURT ADMINISTRATOR, MARK VAN BEVER, ET AL,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** September 9, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or

malicious." 28 U.S.C. § 1915(d) (1988). In this action, Plaintiff is suing several employees of the state Department of Revenue - Child Support Enforcement Division, the Eighteenth Judicial Circuit Court in and for Brevard County, and the Court Administrator for more then $3 million in damages. Plaintiff alleges that Defendants failed to return child support that he "overpaid" during the time he had custody of his three children and Defendants failed to collect the support from their mother. He also alleges that he was held liable for child support "within one year after the mother received full custody" and was prosecuted and held in contempt. Plaintiff claims that during the course of a hearing over the child support and paternity issues he was not allowed to present certain evidence nor make an oral motion. He also alleges that there was a conspiracy to call his case early on the docket on the day of his hearing for contempt in non-payment of child support, and when he was late arriving to the contempt hearing, to have a warrant issued. Plaintiff also alleges that Defendants conspired in establishing a payment plan for him, and by barring him from filing any civil suits in the Eighteenth Judicial Circuit Court after a disagreement with the Court Administrator's staff.

In sum, Plaintiff seeks to challenge several state court orders and rulings, and related actions, with respect to child support and related contempt rulings. *See* Doc. No. 1. Federal courts are without subject matter jurisdiction to entertain such claims, pursuant to the *Rooker-Feldman* doctrine.[1] The doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy,* 512 U.S. 997 (1994). *Rooker-Feldman* recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction and does not

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

authorize district courts to exercise appellate jurisdiction over state-court judgments. As explained by the Supreme Court, if the state-court decision was wrong, that does not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Federal district courts lacked the requisite appellate authority, for their jurisdiction was "strictly original." *Rooker,* 263 U.S. at 416. *See also Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* __ U.S. __, 125 S.Ct. 1517, 161 L.Ed.2d 454, 73 USLW 4266 (U.S. Mar. 30, 2005). Here, Plaintiff seeks precisely the sort of review and relief that is prohibited by the doctrine.

To the extent Plaintiff's Complaint could somehow be construed to state a cause of action under 42 U.S.C. § 1983 that is not barred by *Rooker-Feldman*, Plaintiff's Complaint alleges nothing more than actions taken by Defendants in their official capacities, for which they are immune from suit. "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *Wahl v. McIver,* 773 F. 2d 1169, 1172 (11th Cir. 1985). Prosecutors are also entitled to absolute immunity when initiating and pursuing a prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Clerks of court may also be covered by absolute judicial immunity for performing a ministerial function at the direction of the judge, or qualified immunity for performing routine functions. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). A court clerk is also entitled to immunity when sued for damages involving acts done within his or her official quasi-judicial capacity. *Sirbaugh v. Young*, 25 Fed. Appx. 266, 268 (6th Cir. 2001) (affirming dismissal of claims against state judges and court clerks who declined to waive filing fee in pro se plaintiff's divorce case). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial

process that these persons are considered an arm of the judicial officer who is immune. *Scruggs v. Moellering,* 870 F.2d 376 (7th Cir. 1989). Because Plaintiff has failed to allege any claim that is not barred by the *Rooker-Feldman* doctrine or by immunity from suit, it is **recommended** that the application be **DENIED** and the action be **DISMISSED** if Plaintiff fails to pay the required filing fee within 11 days of any order adopting or approving this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Plaintiff Lenorris E. Hardy, Sr.